# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## GARY CARR v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lauderdale County
### No. 6734   Joe H. Walker, III, Judge

### No.  W2014-00579-CCA-R3-HC  - Filed July 3, 2014

The Petitioner, Gary Carr, appeals the Circuit Court for Lauderdale County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

ROGER A. PAGE,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gary Carr, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Benjamin A. Ball, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1997, a jury convicted the Petitioner of attempted first degree murder and attempted especially aggravated robbery, and the trial court imposed an effective sentence of twenty-four years.  On appeal, this court affirmed the Petitioner's conviction for attempted first degree murder but reversed his conviction for attempted especially aggravated robbery due to insufficient evidence.  See State v. Gary Carr, No. 02C01-9709-CR-00368, 1999 Tenn. Crim. App. LEXIS 219, at *2 (Tenn. Crim. App. Mar. 12, 1999).

On March 13, 1998, the Petitioner pleaded guilty to first degree murder, attempted

first degree murder, and attempted especially aggravated robbery and received an effective sentence of life without parole. The Petitioner subsequently sought post-conviction relief. The post-conviction court denied relief, and this Court upheld the post-conviction court's judgment on appeal. See Gary Carr v. State, No. W1999-01242-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 467, at *2 (Tenn. Crim. App. June 8, 2000).

On March 11, 2014, the Petitioner filed a petition for writ of habeas corpus, challenging his four remaining convictions. The Petitioner alleged that no indictments were ever issued against him and that the judgments do not track the language of the statutes in defining the offenses for which he was convicted. On March 12, 2014, the trial court entered an order dismissing the petition.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also Tenn. Code Ann. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotation marks omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the

habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner contends that he was never indicted for the offenses of which he was convicted. We note, however, that this court referred to the Petitioner's indictments regarding his 1997 convictions in our opinion on direct appeal. See Gary Carr, 1999 Tenn. Crim. App. LEXIS 219, at *1, n.1. Moreover, the Petitioner's claim is not apparent on the face of the record. Nothing in the record suggests that the trial court did not have jurisdiction to enter the Petitioner's convictions and sentences due to the lack of a valid indictment, presentment, or information.

The Petitioner next contends that his judgments are void because they do not "track the language of the statute in defining the offense." No authority, however, requires that a judgment state the full language of the statute defining the offense of which a defendant is convicted. The Petitioner's judgments clearly state the convicted offenses. The Petitioner's judgments are not void, and he is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE